IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20 CV 259 MR WCM

| | | |
|---|---|---|
| WILLIAM MARK KRINGS | ) | |
| | ) | |
| Plaintiff, | ) | MEMORANDUM AND |
| | ) | RECOMMENDATION |
| V. | ) | |
| | ) | |
| AVL TECHNOLOGIES | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint (the "Motion to Dismiss," Doc. 5), which has been referred to the undersigned pursuant to 28 U.S.C. § 636.

I. Procedural Background

Plaintiff William Mark Krings, who is proceeding *pro se*, filed his Complaint on September 17, 2020. Doc. 1. The caption of the document shows the sole defendant as being AVL Technologies, though Jim Oliver ("Oliver"), as the "owner," is listed as Defendant 1 in the list of parties. Doc. 1 at 1-2. Consequently, the undersigned construes the Complaint as having been brought against AVL Technologies only and that Plaintiff listed Oliver as being a representative of that entity.

1

On October 9, 2020, Defendant filed the Motion to Dismiss along with a supporting memorandum. Docs. 5, 6.

Plaintiff did not respond within the time allotted by the Local Rules. However, on November 9, 2020, the undersigned entered an Order advising Plaintiff that Defendant had filed the Motion to Dismiss and that if he did not submit a response the Court may proceed to consider the Motion without hearing from him. The undersigned then extended Plaintiff's response deadline to and including November 25, 2020. Doc. 7.

On November 25, 2020, Plaintiff filed his response. Doc. 8.

Defendant has not filed a reply.

## II. Background

### A. Materials Considered

To his form Complaint, Plaintiff attached what appears to be information he submitted to the Equal Employment Opportunity Commission ("EEOC").

To the Motion to Dismiss, Defendant attached a copy of a Charge of Discrimination filed by Plaintiff (Exhibit A, Doc. 5-1), information from the EEOC's web portal (Exhibit B, Doc. 5-2), another copy of Plaintiff's Complaint along with a summons (Exhibit C, Doc. 5-3), and a Declaration by Oliver (Exhibit D, Doc. 5-4).

Plaintiff submitted numerous additional materials with his response to the Motion to Dismiss. Doc. 8-1.

The undersigned finds that only the materials attached to Plaintiff's Complaint, Plaintiff's EEOC charge, and the EEOC portal information are relevant to the instant Motion to Dismiss. These materials may be considered at this stage of the proceedings. See Witthohn v. Fed. Ins. Co., 164 F. App'x 395, 396 (4th Cir. 2006) ("a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed"); Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004) ("Although as a general rule extrinsic evidence should not be considered at the 12(b)(6) stage, we have held that when a defendant attaches a document to its motion to dismiss, a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.")(internal quotation marks omitted)(alterations in original).

### B. Plaintiff's Allegations and Filings

Plaintiff's Complaint, and the other materials appropriately considered, indicate as follows:

Plaintiff began working in Defendant's "wiring department" through a temporary employment agency. He alleges that at the time he was hired, Defendant regularly used a temporary-to-permanent hiring system. Doc. 1 at

3

8. Plaintiff further alleges that he received a very favorable evaluation for the work he did in Defendant's wiring department. Id.

On approximately March 1, 2020, an employee of "Human Resources" passed through the wiring department and announced that Defendant would not be hiring through a "temp to hire" arrangement in the future and that rewards would be paid to any employee who referred a person for a job, if that candidate were hired. Id. at 6.

On approximately March 18, 2020, during a wiring department meeting, Plaintiff, who was 74 years old and had a heart condition, asked if he would receive any consideration due to COVID-19. His department's supervisor consulted with human resources and then reported that Plaintiff could take leave, sick days, or short and long-term disability. Id.

On March 25, 2020, a fellow employee passed a copy of an email over Plaintiff's shoulder while Plaintiff was working at his desk. Plaintiff responded by asking her to stay 5 feet away, for social distancing purposes. Plaintiff alleges that his coworker reported the situation to the unit supervisor who advised the vice president of operations. The vice president then came to Plaintiff's desk and related the complaint and asked if Plaintiff was a veteran. Plaintiff responded that he was a veteran and immediately thought that he was being considered for replacement, perhaps because of the new reward system that was being offered for successful referrals of candidates. Id.

Apparently the same day, another employee approached Plaintiff's desk and stood close to it. Plaintiff asked the employee to leave on multiple occasions, but he did not. Id at 6-7.

On August 20, 2020, Plaintiff filed a charge of discrimination with the EEOC. Doc. 5-1.

Plaintiff filed the instant action on September 17, 2020. Doc. 1.

According to the information from the EEOC's respondent portal, Defendant's deadline for submitting its position in response to Plaintiff's charge of discrimination was October 13, 2020. Doc. 5-2.

### III. Legal Standards

In a motion made pursuant to Rule 12(b)(6), the central issue is whether the complaint states a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In that context, the court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 192.

The court, however, is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Consumeraffairs.com, 591 F.3d at 255; see Giacomelli, 588 F.3d at 192. That is, while "detailed factual allegations" are not required, the complaint must contain "enough facts to state a claim to relief that is plausible

5

on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); accord Consumeraffairs.com, 591 F.3d at 255. In short, the well-pled factual allegations must move a plaintiff's claim from conceivable to plausible. Twombly, 550 U.S. at 570; Consumeraffairs.com, 591 F.3d at 256.

## IV. Discussion

Plaintiff's Complaint indicates that he is attempting to assert claims for violations of the Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and the North Carolina Retaliatory Employment Discrimination Act ("REDA"). Doc. 1 at 3.

In the Motion to Dismiss, Defendant argues that Plaintiff's claims should be dismissed for lack of subject matter jurisdiction and/or for failure to state a claim pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff has not exhausted his administrative remedies.

Defendant also contends that Plaintiff's claims against Oliver should be dismissed because Oliver cannot be held liable in his individual capacity for the statutory claims Plaintiff has raised and also because those claims as to

6

Oliver are subject to dismissal for lack of service of process and insufficient service of process under Rules 12(b)(4) and 12(b)(5).

Finally, Defendant argues that Plaintiff's REDA claim should be dismissed pursuant to Rule 12(b)(6) and further that, in the event the Court dismisses Plaintiff's federal statutory claims, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

In his response, Plaintiff states that, following a conference with the EEOC, he now understands that he had 180 days to complain to the EEOC and has 90 days, once a letter to sue is issued, to file in federal court. Additionally, Plaintiff states "that the referred to case: 1:20 CV 259-MR-WCM needs to be withdrawn or dismissed and taken out of the public eye, is a given." That is, while Plaintiff appears to object to a dismissal with prejudice, he states that a dismissal without prejudice is acceptable and that "withdrawal" of his case is also acceptable. Doc. 8 at 2, 4.

### A. Exhaustion of Administrative Remedies

A plaintiff who wishes to file a complaint in federal court for alleged violations of Title VII, the ADEA, or the ADA must first exhaust his administrative remedies by filing a charge with the EEOC and obtaining a right-to-sue letter. See e.g., Allen v. Michelin N. Am., Inc.-USA, No. CV 6:18-791-TMC-KFM, 2018 WL 4346226, at *2 (D.S.C. Aug. 16, 2018), report and recommendation adopted sub nom. Allen v. Michelin N. Am., Inc., No. 6:18-

7

CV-00791-TMC, 2018 WL 4334899 (D.S.C. Sept. 11, 2018) ("It is well-established that prior to bringing a lawsuit under Title VII, the ADEA, or the ADA, a plaintiff must file a charge of discrimination with the EEOC and receive a right to sue letter or other notice of termination of the administrative investigation.")(citing 42 U.S.C. § 2000e–5(e), (f) (Title VII); 42 U.S.C. § 12117(a) (ADA adopts procedures set forth in § 2000e-5(e)); 29 U.S.C. § 626(d)(1), (e) (ADEA)); Clapper v. United Airlines, No. 20 CV 2635, 2021 WL 260232, at *2 (N.D. Ill. Jan. 26, 2021) ("Before bringing a Title VII, ADEA, or ADA claim, a plaintiff must exhaust her administrative remedies by filing charges with the EEOC and receiving a right-to-sue letter.").

In this case, the record indicates that Plaintiff filed suit in federal court the month after filing his charge with the EEOC, and before the EEOC had issued a right-to-sue letter (and even before Defendant's deadline for responding to the charge had expired). Plaintiff appears to concede this point and acknowledges that his claims should be dismissed, though he objects to a dismissal with prejudice.

The undersigned agrees that Plaintiff has failed to exhaust his administrative remedies and that his claims are premature.

Further, although the undersigned analyzes Plaintiff's failure to exhaust his administrative remedies pursuant to Rule 12(b)(6) rather than 12(b)(1), because it appears that Plaintiff's federal statutory claims are premature, the

undersigned agrees that dismissal of those claims should be without prejudice. See Cunningham v. Wells Fargo N.A., NO. 3:19-cv-00528-FDW, 2020 WL 5300843, at *5-6 (W.D.N.C. Sept. 4, 2020) (explaining that prior to bringing a Title VII or ADA claim, a Plaintiff must exhaust his administrative remedies and that "the Supreme Court has 'held that Title VII's charge-filing requirement is not jurisdictional, but rather a claims-processing rule.' Thus, motions to dismiss for failure to exhaust administrative remedies are analyzed under Rule 12(b)(6) rather than 12(b)(1).") (quoting EEOC v. 1618 Concepts, Inc., No. 19-CV-672, 2020 WL 87994, at *2 (M.D.N.C. Jan. 7, 2020) (citing Fort Bend Cty. v. Davis, 139 S. Ct. 1843, 1850–51 (2019)); Stewart v. Jones Util. & Contracting Co. Inc., No. 19-14115, 2020 WL 1313636, at *1 (11th Cir. Mar. 19, 2020) (citing Fort Bend Cty., Texas v. Davis, 139 S. Ct. 1843, 204 L.Ed.2d 116 (2019)) (requirement that plaintiff exhaust her administrative remedies with the EEOC before filing a complaint under Title VII or the ADA "is a mandatory claims-processing rule, not a jurisdictional prerequisite[.]")); Marshall v. Bumble Bee Childcare, No. CV 20-20674, 2021 WL 243137, at *2 (D.N.J. Jan. 22, 2021) (dismissing plaintiff's complaint without prejudice and explaining that "if a plaintiff brings suit under Title VII before receiving a right-to-sue letter, the matter may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to exhaust administrative remedies")

(quoting Clark v. Dep't of Law & Pub. Safety, No. 319CV21238BRMZNQ, 2020 WL 7778068, at *3 (D.N.J. Dec. 31, 2020)).

The undersigned will therefore recommend that Plaintiff's claims pursuant to Title VII, the ADA, and the ADEA be dismissed without prejudice.

### B. Claims against Oliver

Defendant argues that Plaintiff's claims against Oliver should be dismissed because he cannot be held liable individually for alleged violations of Title VII, the ADA, and the ADEA. Defendant also contends that any claims against Oliver should be dismissed for lack of service of process and insufficient service of process.

As indicated above, the undersigned does not read Plaintiff's Complaint as attempting to assert individual claims against Oliver. To the extent Plaintiff does intend to assert such claims however, those claims should not be addressed on the merits, as Plaintiff has failed to exhaust his administrative remedies.

Accordingly, to the extent Plaintiff's Complaint can be read as attempting to assert claims against Oliver individually, the undersigned will likewise recommend that those claims be dismissed without prejudice.

### C. REDA Claim

Defendant contends that Plaintiff has nominally invoked the Retaliatory Employment Discrimination Act, but that Plaintiff has asserted no facts to support such a claim. Therefore, says Defendant, Plaintiff's REDA claim should be dismissed for failure to state a claim under Rule 12(b)(6). Additionally, Defendant contends that Plaintiff has failed to exhaust his administrative remedies as to this state law claim and further that, in the event the Court dismisses Plaintiff's federal statutory claims, the Court should decline to exercise supplemental jurisdiction over Plaintiff's REDA claim.

As with Plaintiff's federal statutory claims, a REDA claim requires a plaintiff to first obtain a right-to-sue letter. See Whitfield v. DLP Wilson Med. Ctr., LLC, No. 5:20-CV-91-FL, 2020 WL 5044216, at *7 (E.D.N.C. Aug. 26, 2020) ("Before filing a lawsuit under REDA, plaintiff must file a complaint with the North Carolina Commissioner of Labor, obtain a right-to-sue letter from the Commissioner, and file suit within 90 days of receiving that letter. These claim processing rules are mandatory under North Carolina law.") (citing N.C. Gen. Stat. §§ 95-242(a), 95-243(b), (e)).

To the extent Plaintiff is seeking to assert a claim under REDA, the record does not indicate that he has received a right-to-sue letter from the North Carolina Commissioner of Labor. Therefore, as with his federal statutory claims, it appears that Plaintiff has failed to exhaust his

11

administrative remedies. Consequently, the undersigned will also recommend that Plaintiff's REDA claim be dismissed without prejudice. See <u>Whitfield</u>, 2020 WL 5044216, at *8 (dismissing REDA claim without prejudice under Rule 12(b)(6) for failure to exhaust administrative remedies).

## V. Recommendation

For the reasons stated, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 5) be **GRANTED** and Plaintiff's Complaint be dismissed without prejudice.

Signed: February 10, 2021

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).